United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINTIN TANNER,
Plaintiff,
v.
BEST BUY CO., INC.,
Defendant.

Case No. 26-cv-05079-JSC

**ORDER GRANTING MOTION TO TRANSFER**

Re: Dkt. No. 23

Quintin Tanner purchased headphones from Best Buy Co., Inc. He alleges Best Buy engaged in false advertising by representing the headphones were discounted from a "Comp. Value," because it never sold them at that price. Best Buy moves to transfer this case to the District of Minnesota under 28 U.S.C. § 1404(a) pursuant to a forum selection clause in two sets of terms and conditions. Best Buy's motion to transfer is GRANTED.[1] Tanner agreed to Best Buy's online Terms, which contain a forum selection clause. While Tanner contends California law and California public policy prohibit transfer, and some public interest factors weigh against transfer, he has not met his burden to show transfer is unwarranted.

**COMPLAINT ALLEGATIONS AND UNDISPUTED FACTS**

Tanner purchased Beats Studio Pro headphones from Best Buy on October 10, 2025. (Dkt. No. 1 ¶ 34.) Tanner made this purchase through its mobile application. (Dkt. No. 27 ¶ 6.)[2] To

[1] Because this case will be transferred, the transferee court will decide Best Buy's motion to compel arbitration. (Dkt. No. 22.)

[2] A court can consider evidence outside the pleadings when ruling on a motion to transfer, but it "draws all reasonable inferences and resolves factual conflicts in favor of the non-moving party." *Davis v. N.Y. Life Ins. Co.*, No. 23-CV-02955-AMO, 2024 WL 100277, at *1 n.1 (N.D. Cal. Jan. 9, 2024) (cleaned up).

complete that purchase on the app, Tanner would have seen a checkout screen that included a "Place order" button with text immediately to the left stating, "By clicking place order, you agree to Best Buy's Terms & Privacy Policy." (Dkt. No. 26 ¶ 7.) "Best Buy's Terms" appeared in blue font and was a hyperlink to the BestBuy.com Terms. (*Id.*) Tanner could not have completed his purchase without clicking "Place order." (*Id.* ¶ 8.) The checkout screen is reproduced below (*id.* at 7)[3]:




The BestBuy.com Terms dated October 1, 2025 were in effect at the time of Tanner's purchase. (Dkt. No. 29 ¶ 8.) Those Terms contain the following forum selection clause:

> UNLESS YOU AND BEST BUY AGREE OTHERWISE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, THE STATE AND FEDERAL COURTS THAT ENCOMPASS HENNEPIN COUNTY, MINNESOTA SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY DISPUTES (EXCEPT FOR CLAIMS BROUGHT IN SMALL CLAIMS COURT) THAT ARE NOT SUBJECT TO ARBITRATION, THAT ARE OPTED OUT OF ARBITRATION PURSUANT TO THESE TERMS, OR OVER ANY ACTION THAT SEEKS TO ENFORCE OR CHALLENGE THE ENFORCEABILITY OF THE ARBITRATION AGREEMENT OR ANY PROVISION OF THE ARBITRATION AGREEMENT OR THESE TERMS. YOU AND BEST BUY CONSENT TO THE EXCLUSIVE JURISDICTION OF THOSE COURTS AND WAIVE ANY OBJECTIONS AS TO PERSONAL JURISDICTION OR AS TO THE LAYING OF VENUE IN SUCH COURTS BECAUSE OF (1) INCONVENIENT FORUM OR (2) ANY OTHER BASIS OR RIGHT TO SEEK TO TRANSFER OR

[3] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

CHANGE VENUE OF ANY SUCH ACTION TO ANOTHER COURT.

(*Id.* at 55–56.)

**DISCUSSION**

A district court may "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" for "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). This typically requires weighing a plaintiff's choice of venue alongside a set of private interest factors and public interest factors. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62–63 & n.6 (2013).

However, "[t]he calculus changes" if the parties agreed to a valid forum selection clause. *Id.* at 63 (cleaned up). Under such circumstances, "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Id.* at 59–60 (cleaned up). Enforcement of forum selection clauses "protects [the parties'] legitimate expectations and furthers vital interests of the justice system." *Id.* at 63 (cleaned up). Accordingly, the court must disregard the plaintiff's choice of forum and deem the private interest factors to completely weigh in favor of the preselected forum. *Id.* at 63–64. Further, the plaintiff bears the burden to show transfer is unwarranted. *Id.* So, to avoid transfer, the plaintiff must show either that the public interest factors "overwhelmingly disfavor" enforcement of the forum selection clause, *id.* at 67, or one of three extraordinary circumstances, including that "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.'" *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972)).

**I. CONTRACT FORMATION**

As the party seeking to enforce the forum selection clause, Best Buy "bears the burden of proving the existence of an agreement . . . by a preponderance of the evidence." *See Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (cleaned up). The parties implicitly dispute whether Minnesota or California law governs the question of contract formation. (*See* Dkt. No. 22 at 19 (Best Buy's motion to compel arbitration arguing for application of

Minnesota law); Dkt. No. 35 at 9 (Tanner's opposition to transfer relying on California law); *but see* Dkt. No. 23 at 13 (Best Buy's motion to transfer relying on cases applying California law).) Because Tanner has formed a contract under California law, the choice of law he advocates, the Court applies California law. *See also Godun v. JustAnswer LLC*, 135 F.4th 699, 708 (9th Cir. 2025) ("[The Ninth Circuit] ha[s] consistently stated that no differences exist in the law of the different states as to internet contract formation." (cleaned up)).

To form a contract under California law, "the parties must manifest their mutual assent to the terms of the agreement." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022). Best Buy relies on an inquiry notice theory to show Tanner assented to its Terms. "[A]n enforceable contract will be found based on an inquiry notice theory only if: (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Id.* at 856 (cleaned up).

Starting with reasonably conspicuous notice, courts consider "the placement of the notice" and "the context of the transaction." *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 515–16 (9th Cir. 2023) (cleaned up). "Both aspects 'should be considered together.'" *Godun*, 135 F.4th at 709 (quoting *Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1155 (9th Cir. 2025)). For notice placement, certain factors are relevant to the "visual analysis of webpages and hyperlinks, such as the location of the advisal on the webpage or the font size, color, and contrast." *Id.* (cleaned up). This is "necessarily a visual and aesthetic analysis" focusing on whether "a reasonably prudent Internet user would have seen" an advisal. *Id.* (cleaned up). But the law has not created a "checklist for website designers," nor are there "per se design rules that must be followed for a contract to be formed between a website user and provider." *Id.* at 710.

The checkout page provided reasonably conspicuous notice to Tanner of Best Buy's Terms. The advisal is clear, legible, "directly below key information such as the purchase total, and directly [next to] the button [Tanner] tapped to complete his purchase." *See Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 477 (9th Cir. 2024). Since it is located directly to the left of the "Place order" button, its presence "interrupts the natural flow of the action." *See Chabolla*,

129 F.4th at 1157 (cleaned up). And the hyperlink to "Best Buy's Terms" is in blue, which "mak[es] its presence readily apparent." *See Oberstein*, 60 F.4th at 516. To be sure, Tanner's purchase was a "one-off transaction[]," meaning he had less reason to suspect a continuing relationship beyond his purchase. *See Chabolla*, 129 F.4th at 1155 (cleaned up). But the advisal is so apparent that any reasonable consumer would have seen both its text and Terms hyperlink. *See Patrick*, 93 F.4th at 477; *Oberstein*, 60 F.4th at 516.

Tanner also unambiguously manifested his assent by clicking the "Place order" button. To manifest assent, the user must take some action, like clicking a button, after being "*explicitly* advised that the act of clicking will constitute assent to the terms and conditions of an agreement." *Godun*, 135 F.4th at 710–11 (cleaned up). That generally requires an "explanatory clause, usually at the beginning of an advisal—for example: 'By *clicking* the Continue >> button, you agree to the Terms & Conditions.'" *Id.* at 711 (cleaned up). Best Buy's advisal says, "By clicking place order, you agree to Best Buy's Terms." (Dkt. No. 26 ¶ 7.) That is sufficient. *See Patrick*, 93 F.4th at 477; *Oberstein*, 60 F.4th at 517. And it is undisputed that Tanner clicked the "Place order" button. (*See* Dkt. No. 26 ¶ 8; Dkt. No. 27 ¶ 6.) So Tanner manifested assent to Best Buy's Terms.

Tanner does not meaningfully contest any of this. He argues Best Buy has not proven he agreed to a forum selection clause at *other* times. (*See* Dkt. No. 35 at 9–12.) But Tanner agreed to Best Buy's Terms when he purchased the headphones at issue in this case. And those Terms included the relevant forum selection clause, so it is beside the point whether Best Buy further proved Tanner assented to terms and conditions at other times.[4] Tanner contends consumers should not have to look for changes in contracts they previously agreed to. But when a consumer forms a *new* contract, and they are on actual or inquiry notice that they are doing so, they agree to the current version of that contract, regardless of whether they previously agreed to a different version. *See Jefferson v. Cal. Dep't of Youth Auth.*, 28 Cal. 4th 299, 303 (2002) ("[W]hen a person with the capacity of reading and understanding an instrument signs it, he is, in the absence

[4] Accordingly, the Court declines to reach Best Buy's arguments that Tanner assented to a forum selection clause at other times, including when making other purchases and when signing up for a loyalty account.

United States District Court
Northern District of California

of fraud and imposition, bound by its contents . . . .” (cleaned up)).

***

Drawing all reasonable inferences from the evidence in Tanner’s favor, it is undisputed he agreed to the Terms that include the forum selection clause when he purchased the at-issue headphones.

## II. APPLICABILITY OF FORUM SELECTION CLAUSE

The forum selection clause encompasses this dispute. The scope of a forum selection clause is governed by federal common law. *Advanced China Healthcare*, 901 F.3d at 1086 (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 512–13 (9th Cir. 1988)). The clause in Best Buy’s Terms encompasses “any disputes . . . that are not subject to arbitration . . . or . . . that seek[] to enforce or challenge the enforceability of the arbitration agreement.” (Dkt. No. 29 at 55 (cleaned up).) And the Terms broadly define dispute to include “any claim or controversy arising out of or relating in any way whatsoever to your relationship or interaction with Best Buy.” (*Id.* at 49.) Tanner filed this lawsuit in court, not in arbitration, and his claims relate to a transaction with Best Buy. So, the forum selection clause applies. The forum selection clause also applies because Tanner challenges Best Buy’s attempt to enforce the arbitration provision in court. And Tanner does not dispute his court-filed lawsuit falls within the forum selection clause’s scope.

## III. VALIDITY OF FORUM SELECTION CLAUSE

It is not clear whether federal or state law governs the validity of forum selection clauses. *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956, 963 n.4 (9th Cir. 2022). But state law can sometimes void a forum selection clause. *Id.* at 963–64. For instance, the Ninth Circuit held a forum selection clause invalid when a plaintiff had previously exercised his right to void that clause under California Labor Code § 925(b), which makes voidable any clause that requires California employees “to adjudicate outside of California a claim arising in California.” *Id.* at 958–59, 963–64.

Tanner contends a recently enacted amendment to the California Consumer Contract Awareness Act of 1990 (“CCAA”) requires the Court to ignore the forum selection clause. *See* Cal. Civ. Code § 1799.208. Under § 1799.208, a consumer (as further defined) cannot be required

United States District Court
Northern District of California

to agree to a contract provision that requires the consumer to either "arbitrate outside of California a claim arising in California" or "arbitrate a controversy arising in California under the substantive law of a state other than California." *Id.* § 1799.208(a). If a provision imposes either of those requirements, it is "voidable by the consumer." *Id.* § 1799.208(b). If voided, "the matter shall be adjudicated in California and California law shall govern the dispute." *Id.* The statute defines adjudication to include "litigation and arbitration." *Id.* § 1799.208(d).

Section 1799.208 does not invalidate the forum selection clause. It allows consumers to void provisions that force them to "*arbitrate* outside of California" or "*arbitrate* a controversy . . . under the substantive law of a state other than California." *Id.* § 1799.208(a) (emphasis added). But the parties' forum selection clause does not require a consumer to arbitrate outside of California. To the contrary, it expressly does not apply to disputes that are subject to arbitration. (Dkt. No. 29 at 55). So, if Tanner had initiated arbitration in California against Best Buy, the forum selection clause would not apply. And even assuming Best Buy's Terms require Tanner to arbitrate under Minnesota law, § 1799.208 would not allow Tanner to void the forum selection clause because of that defect. *See* Cal. Civ. Code § 1799.208(b) (allowing consumer to void "[a]ny provision of a contract that violates subdivision (a)"). Since the forum selection clause does not require arbitration outside of California, it does not run afoul of § 1799.208(a); therefore, Tanner cannot void it pursuant to that statute.

## IV. PUBLIC POLICY EXCEPTION

A forum selection clause cannot be enforced if it would "contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."[5] *Advanced China Healthcare*, 901 F.3d at 1088 (quoting *M/S Bremen*, 407 U.S. at 15). Statutes that contain anti-waiver provisions can declare such a public policy so long as they do so expressly. *See, e.g.*, *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 915–16 (9th Cir. 2019).

---

[5] Tanner does not contend "the clause is invalid due to fraud or overreaching" or "trial in the contractual forum will be so gravely difficult and inconvenient that the litigant will for all practical purposes be deprived of his day in court." *Advanced China Healthcare*, 901 F.3d at 1088 (cleaned up). Thus, the Court does not reach those other two *M/S Bremen* exceptions.

United States District Court
Northern District of California

Tanner contends the CCAA's anti-waiver provision declares a strong public policy that prohibits enforcement of Best Buy's forum selection clause. That anti-waiver provision states: "Any waiver of the provisions of this title is contrary to public policy, and is void and unenforceable." Cal. Civ. Code § 1799.207. The provision states a strong public policy against waiver of the CCAA's provisions. *See Gemini*, 931 F.3d at 915–16. But as explained above, Tanner has not shown the CCAA applies to the forum-selection clause at issue here because § 1799.208 does not allow a consumer to void *litigation*, as opposed to arbitration, forum-selection clauses. So, enforcement of the litigation forum-selection clause does not waive any CCAA provision. As a result, Tanner has not met his burden to show enforcement of the forum selection clause would contravene a strong California public policy.

## V. SECTION 1404(A) PUBLIC INTEREST FACTORS

Finally, the public interest factors do not "overwhelmingly disfavor" transfer to the District of Minnesota. *See Atl. Marine*, 571 U.S. at 67. Those factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6 (cleaned up). Starting with administrative difficulties, neither district appears to be meaningfully more efficient. The District of Minnesota has 1,984 pending cases per active judge, while the Northern District of California has 1,382 pending cases per active judge. (Dkt. No. 35 at 15.) But when senior judges are included, the districts are comparable—the District of Minnesota has 919 pending cases per judge, while the Northern District of California has 841 pending cases per judge. (*Id.*) Similarly, both California (Tanner's home state) and Minnesota (Best Buy's home state) have some interest in adjudicating this case. *See Fedoroff v. Rocket Mortg.*, No. 26-CV-00702-JSC, 2026 WL 1707021, at *10 (N.D. Cal. June 12, 2026). Finally, a federal court sitting in Minnesota will be more familiar with the governing law. The transferee court will apply Minnesota's choice-of-law rules. *See Atl. Marine*, 571 U.S. at 64–65. Moreover, the forum selection clause is paired with a choice-of-law clause favoring Minnesota law. (*See* Dkt. No. 29 at 55.)

Tanner has not demonstrated the public interest factors overwhelmingly disfavor transfer,

United States District Court
Northern District of California

so the parties' preselected forum is given "controlling weight," and transfer to the District of Minnesota is appropriate. *See Atl. Marine*, 571 U.S. at 63 (cleaned up).

**CONCLUSION**

For the reasons set forth above, the Court grants Best Buy's motion and transfers this case to the District of Minnesota.

This Order disposes of Docket No. 23.

**IT IS SO ORDERED.**

Dated: November 24, 2026

JACQUELINE SCOTT CORLEY
United States District Judge